BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *v.* SNOW.

Opinion delivered November 12, 1917.

1. CARRIERS—RIGHT TO TAKE UP TICKET FROM PASSENGER—INJURY TO ANOTHER PASSENGER.—Plaintiff, a passenger on defendant railway company's train, occupied a seat opposite a male passenger, who refused to give his ticket to the conductor upon request. A scuffle ensued in which plaintiff, a lady, claimed to have sustained an injury. *Held*, an instruction that if the male passenger having a ticket entitling him to transportation, was asleep and disturbing no one, that the train operatives had no right to molest him, and if they did so and the difficulty ensued and plaintiff was injured, that a verdict should be rendered for the plaintiff, was erroneous.

2. CARRIERS—DUTY OF PASSENGER TO SURRENDER TICKET ON DEMAND.—A passenger must not only have a ticket entitling him to transportation, but he must surrender it upon demand being made therefor by the representative of the carrier whose business it is to take up tickets. The representative of the carrier may arouse a sleeping passenger and demand the surrender of the ticket.

Appeal from Faulkner Circuit Court; *Thos. C. Trimble*, Judge; reversed.

*Thos. B. Pryor* and *W. P. Strait*, for appellant.

1. Under the proof appellee failed to make out a case, and the court erred in refusing to instruct a ver-

dict for defendant. The proof establishes clearly no right to recover—that the injury did not occur on the train.

2. It was error to refuse to give appellant's instruction No. 10. This is the law and it was error to give those asked by plaintiff. The officers had the right to take up his ticket, and the brakeman the right, if assaulted, to use such force, acting as a reasonable prudent man, as was necessary to repel the assault and protect himself. 92 Ark. 205; 59 *Id*. 132; 67 *Id*. 594; 69 *Id*. 573; 64 *Id*. 613.

3. Appellant had the right to have the court confine the jury in their deliberations in passing upon questions of liability to the specific acts of negligence alleged in the complaint and tendered by appellee as the specific grounds upon which she attempts to recover. 2 Ark. 101; 16 *Id*. 303; 30 *Id*. 285; 31 *Id*. 103; 79 *Id*. 490; 29 *Id*. 500; 41 *Id*. 393.

4. Appellee's instructions are erroneous, confusing and misleading and are contradictory. Especially is No. 8 erroneous. Cases *supra*.

*Robins & Clark*, for appellee.

1. The instructions correctly embody the law of this case. Before pleading self-defense one must show he acted without fault or carelessness. 93 Ark. 409; 104 *Id*. 317; 95 *Id*. 428.

There is no error in No. 8. Appellee was injured by the wrongful acts of the servant of appellant in assaulting a passenger. Appellant denied the assault and pleaded self-defense on the part of its servant and contributory negligence by appellee. The instructions simply gave the jury appellee's theory of her case. 82 Ark. 289; 118 *Id*. 397.

Appellants instructions fully presented the law applicable to its theory. There is no error.

SMITH, J. Appellee recovered judgment for damages to compensate an injury which she says she sustained while traveling as a passenger on one of appel-

lant's trains from Argenta to Conway, in this State. Her testimony was substantially as follows: The train was crowded, but she found a seat at the front end. of the coach, facing to the rear of the coach, and next to the window. On the seat immediately in front of and facing her, next to the window, there was seated a man who had entered the train at Little Rock, with a ticket to Fort Gibson, Oklahoma. His ticket had been examined by the brakeman when he entered the train at Little Rock. He did not appear to be drunk when he entered the train; but he soon fell asleep, and when the train was only a few miles out of Little Rock the auditor attempted, without success, to arouse him sufficiently to take up his ticket. Failing to obtain the ticket from the passenger, the auditor signaled to the brakeman and told him to go to this passenger and get his ticket. From this point on the evidence is in irreconcilable conflict. According to appellee, the brakeman began the difficulty by striking the passenger on the head with his lantern with such force as to break the lantern, and in the scuffle following threw the passenger against appellee with such force as to knock her down and injure her. The brakeman testified that he did not hear the auditor's direction to take up the passenger's ticket, and that he did not attempt to do so, but was fixing a ventilator when the passenger arose and struck him, and that he did not assault the passenger but only attempted to restrain the passenger from further assaulting him or creating a disturbance in the car. Appellee testified that, when the auditor came to the obdurate passenger, he shook him and said, "Your ticket, please." The passenger roused up and leaned back in the seat and opened his coat and took the ticket partly out of his pocket and said, "The ticket"? and then dropped his head over again in a stupor like he was asleep, and when he refused to give the ticket, the auditor then motioned for the brakeman. Appellee started to move her seat when the passenger said to her, "Now, lady, sit down; if it was not for you being a lady, I would show these trainmen whether they would get my

ticket or not." After the altercation, the train crew carried the passenger out of the coach, and a bottle of whiskey was found in the seat which he had been occupying.

The instructions covered the widest range, including the law of contributory negligence, and of self-defense, and numerous exceptions were saved to the action of the court in giving and refusing instructions. The majority of the court is of the opinion that no error was committed except in the giving of an instruction numbered 8, which reads as follows:

"If you find from the evidence that the passenger with whom the trouble was had was asleep and not molesting or disturbing anyone, and had a ticket entitling him to transportation on the train, then the brakeman had no right to molest him and if he did so and the difficulty ensued and the plaintiff was injured thereby, then your verdict will be for the plaintiff."

This instruction was erroneous. It is the absolute duty of the servants of the railway company in charge of a train, not only not to assault a passenger, but to protect him from assault or injury or any unnecessary disturbance or annoyance. But it is a far different matter to tell the jury that a passenger has the right to refuse to comply with the reasonable and necessary regulations of the carrier in the conduct of its business and in the collection of its fares. Such is not the law. It was not sufficient that the passenger have his ticket, but it was right and proper that he should have surrendered it upon demand being made therefor by the representative of the carrier whose business it was to take it up. Of necessity, some system must be adopted to avoid overlooking the collection of the fares of all the passengers, and if it were the law that a passenger could not be disturbed until after he had slept off a drunken stupor, before his ticket was demanded from him, simply because he did, in fact, have a proper ticket, this duty could not be properly performed. The auditor had the right to demand the surrender of the ticket at the time when ap-

pellee says a demand was made, and he had the right to arouse the passenger for this purpose, and the court was in error in telling the jury that such right did not exist if the passenger, in fact, had his ticket. See sections 1077, 1079, and 1085 of Hutchinson on Carriers, 3rd Ed.; *St. L. & S. F. Rd. Co. v. Blythe,* 94 Ark. 153; *Bradford* v. *St. L., I. M. & S. R. Co.,* 93 Ark. 244; *St. L. & S. F. Rd. Co.* v. *Dyer,* 115 Ark. 262.

For the error indicated, the judgment will be reversed and the cause, remanded for a new trial.